```
                    IN THE UNITED STATES DISTRICT COURT
                  FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| PAUL PARHAM, | : | CIVIL ACTION |
|  | : | NO. 06-4492 |
| Petitioner, | : | |
|  | : | |
| v. | : | |
|  | : | |
| EDWARD KLEM | : | |
|  | : | |
| Respondent. | : | |

**O R D E R**

**AND NOW**, this **4th** day of **January 2007**, after consideration of the Report and Recommendation of United States Magistrate Judge L. Felipe Restrepo (doc. no. 5) and petitioner's objections thereto (doc. no. 6), it is hereby **ORDERED** that:

1. The Report and Recommendation is **APPROVED and ADOPTED**;

2. Petitioner's objections to the Report and Recommendation are **OVERRULED**[1];

---

[1] Petitioner's objections to the Report and Recommendation are without merit. In his brief filing, he raised two objections. First, in an apparent attempt to counter Magistrate Judge Restrepo's statement that a petitioner's misunderstanding of the law is not an appropriate ground for equitable tolling, petitioner states that a material misrepresentation of the law renders sentencing invalid. For this proposition, he cites the Third Circuit's ruling in United States v. Eakman, 378 F.3d 294 (3d Cir. 2004). Eakman does not address the petitioner's misunderstanding of the law, but rather the district court's misunderstanding of the law at sentencing. Accordingly, Eakman's reasoning is inapplicable to the present case and petitioner's reliance on it is misplaced.

---

Second, petitioner argues that denial of relief for a proven constitutional violation based on the statute of limitations violates due process. While his objection is rather bare, save for a citation to United States v. Zuno-Acre, 25 F.Supp. 2d 1087, 1099 (C.D. Cal. 1998) (holding that to foreclose a claim of constitutional violation where there has been a colorable showing of factual innocence would likely constitute a due process violation or an improper suspension of habeas corpus relief), it appears that petitioner is arguing that the miscarriage of justice standard of Schlup acts as a gateway to warrant equitable tolling and to overcome the otherwise untimeliness of his petition.

In United States v. Zuno-Acre, cited by petitioner, the Central District of California reasoned that the miscarriage of justice gateway delineated in Schlup v. Delo, 513 U.S. 298 (1995) to pre-AEDPA habeas petitions, applies as a means of considering constitutional claims otherwise procedurally barred by the AEDPA's period of limitations. Zuno-Acre, 25 F.Supp. 2d at 1102. The miscarriage of justice gateway, however, only applies when the petitioner has made "a colorable showing of factual innocence." Id. Although it is apparent that the petitioner has not met this standard, Zuno-Acre's holding is not controlling in this Circuit.

The Third Circuit has not held that the Schlup's reasoning applies to warrant equitable tolling to otherwise time-barred § 2254 petitions. On the contrary, most recently in Horning v. Lavan, No. 04-4609, 2006 WL 2805608 *3 (3d Cir. Oct. 2, 2006), albeit in an non-precedential opinion, the Third Circuit reiterated its hesitation to hold that the AEDPA's statute of limitations can be equitably tolled on the basis of actual innocence. Id. at *4 ("However, we have yet to hold that the AEDPA statute of limitations can be equitably tolled on the basis of actual innocence." See United States v. Davies, 394 F.3d 182, 191 n.8 (3d Cir. 2005)). There, the court was able to rule on petitioner's claim without addressing the issue as it was clear that the petitioner did not exercise reasonable diligence in pursuing the claim that his sentence was illegal under Pennsylvania law. Id.

Like the Third Circuit's panel in Horning, the Court in this case is not forced to reach the question of whether the AEDPA's statute of limitations can be equitably tolled on the basis of actual innocence. Instead, it is clear that equitable tolling is inappropriate in this case as the petitioner has neither alleged extraordinary circumstances that prevented him from timely filing nor shown that he has exercised the requisite

3.  Paul Parham's petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 (doc. no. 1) is **DISMISSED as time-barred**; and

4.  A certificate of appealability should not issue, since, for the reasons set forth in the Report and Recommendation, petitioner has failed to show that a reasonable jurist could conclude that the Court is incorrect in dismissing the petition as time-barred.

**AND IT IS SO ORDERED.**

                                            S/Eduardo C. Robreno
                                            **EDUARDO C. ROBRENO, J.**

---

reasonable diligence in pursuing his habeas claims, which he filed more than 4.5 years after the statute of limitations expired.